## In the United States District Court
## for the Northern District of Illinois
## Eastern Division

| | |
|---|---|
| Vivian E. Wilson,<br><br>　　plaintiff,<br><br>– v –<br><br>Integrated Medical Systems, Inc., an Illinois corporation, Integrated Medical Systems International, Inc., a Delaware corporation, and University of Illinois Hospital and Health Sciences System, an Illinois municipal corporation,<br><br>　　defendants. | <br><br><br><br><br><br><br><br><br><br><br>**Jury trial demanded** |

# Complaint of Discrimination and Retaliation

## Nature of action

1.	This lawsuit concerns discrimination on the basis of disability, perception of disability, and/or record of disability and retaliation for having requested a reasonable accommodation.

## Parties

2.	Plaintiff is Vivian E. Wilson.

3.	Defendants are Integrated Medical Systems, Inc., an Illinois corporation, Integrated Medical Systems International, Inc., a Delaware corporation, and University of Illinois Hospital and Health Sciences System, an Illinois municipal corporation.

4.	Defendants have not shared with Ms. Wilson their corporate interrelatedness nor their contractual arrangements. Should discovery conclusively show that one or more of the defendants is not a proper party, Ms. Wilson will voluntarily dismiss that defendant or those defendants.

5. This Complaint will refer to defendants collectively as "defendant" unless otherwise expressly stated.

**Ms. Wilson's career with defendant**

6. On or about May 7, 2012, defendant Integrated Medical Systems, Inc., and/or defendant Integrated Medical Systems International, Inc., placed Ms. Wilson with defendant University of Illinois Hospital in October 2006 as a Sterile Processing Supervisor.

7. Before defendant learned that Ms. Wilson had been injured and would need or would be requesting accommodations, defendant expressed no dissatisfaction with Ms. Wilson's job performance.

8. Before defendant learned that Ms. Wilson had been injured and would need or would be requesting accommodations, the supervisors defendant assigned Ms. Wilson to would from time-to-time praise and/or compliment her work.

9. Defendant's legitimate workplace expectations were met or exceeded by Ms. Wilson.

**Ms. Wilson is criminally knifed and requests accommodations**

10. Around September 2, 2012, Ms. Wilson was attacked and knifed.

11. In this attack, Ms. Wilson suffered stab wounds to both hands and to her right thigh.

12. As a result of this attack and these stab wounds, Ms. Wilson temporarily lost the use of her left hand.

13. Also as a result of this attack and these stab wounds, Ms. Wilson became depressed.

14. As a further result of this attack and these stab wounds, Ms. Wilson was hospitalized and underwent multiple surgeries on her hands.

15. As a result, Ms. Wilson was temporarily unable to work.

16. Ms. Wilson's doctor prescribed, among other things, that Ms. Wilson be on a temporary leave-of-absence from work.

17. Ms. Wilson followed her doctor's orders.

18. From time-to-time, defendant's Human Resources department would learn by a fax from Ms. Wilson's doctor that Ms. Wilson would be off work pending surgery.

19. From September 3, 2012, through and including October 3, 2012, defendant learned virtually every work day from Ms. Wilson and her son the then-current status of Ms. Wilson hospitalization, of Ms. Wilson's need for surgery, and of Ms. Wilson's general medical condition.

20. In addition, from September 3, 2012, through and including October 3, 2012, defendant received from Ms. Wilson, Ms. Wilson's son, and/or Ms. Wilson's doctor, requests for a reasonable accommodation for Ms. Wilson.

21. The reasonable-accommodation requests that defendant received were for a leave-of-absence for Ms. Wilson to recover from her surgeries and to regain the use of her left hand.

22.     In addition, a leave-of-absence for Ms. Wilson to recover from her surgeries and to regain the use of her hands was or should have been to defendant an obvious reasonable accommodation under the circumstances.

23.     In approximately November 2012, Ms. Wilson's doctor released her to work for light duty with lifting restrictions. Ms. Wilson has since been able to resume all her normal working duties.

**Rather than accommodate Ms. Wilson, defendant fires her**

24.     Defendant did not grant Ms. Wilson the requested reasonable accommodation.

25.     Defendant did not communicate with Ms. Wilson nor with her son nor with her doctors to see what, if any, reasonable accommodations could be implemented for Ms. Wilson given her circumstances.

26.     Defendant did not do anything to see what other reasonable accommodations could be implemented for Ms. Wilson given her circumstances. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

27.     Rather, on October 3, 2012, defendant fired Ms. Wilson.

**Damages**

28.     As a proximate result of defendant's acts or omissions as pled, Ms. Wilson lost her job, lost wages, lost employee benefits, and suffered pain.

29.     Defendant discriminated against Ms. Wilson with malice or reckless indifference to her federally protected rights.

30.     To deter future malice or reckless indifference to the federally protected rights of employees by defendant Integrated Medical Systems, Inc., by defendant Integrated Medical Systems International, Inc., and/or by other employers and to punish defendant Integrated Medical Systems, Inc., and/or defendant Integrated Medical Systems International, Inc., for their malice or reckless indifference to the federally protected rights of Ms. Wilson, exemplary damages should be awarded.

**ADA coverage**

31.     When defendant employed Ms. Wilson, defendant was an "employer" within the definition of § 101(5) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C. § 12111(5)].

32.     Ms. Wilson was an "employee" of defendant's within the definition of § 101(4) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C. § 12111(4)] and a "qualified individual with a disability" within the definition of § 101(8) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C. § 12111(8)].

33.     The ADA Amendments Act of 2008 applies to Ms. Wilson's ADA claims, because Ms. Wilson's disability and defendant's actions and omissions giving rise to those claims took place in 2012, which was after the effective date of that Act. Pub. L. 110–325, §8, 122 Stat. 3553 (Sep. 25, 2008), codified at, *e.g.*, 42 U.S.C. § 12101 (Note).

34. The ADA Amendments Act of 2008 expressly defines "major life activities" to include "caring for oneself, performing manual tasks, … concentrating [and/or] thinking". 42 U.S.C. § 12102(2)(B).

35. The ADA Amendments Act of 2008 also defines "major life activities" to include "major bodily functions", which the statute expressly defines to include "neurological" function. 42 U.S.C. § 12102(2)(B).

36. Under the ADA Amendments Act of 2008, Ms. Wilson's disability must be assessed in its active state, without regard to mitigating measures like medical treatments. 42 U.S.C. § 12102(4)(E)(i); 29 C.F.R. § 1630.2(j)(1)(vi).

37. Under the ADA Amendments Act of 2008, disability "shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter". 42 U.S.C. § 12102(4)(A).

38. Ms. Wilson's physiological and psychological impairments in their active states, without regard to mitigating measures like medical treatments, were debilitating.

39. Ms. Wilson's physiological and psychological impairments in their active states, without regard to mitigating measures like medical treatments, substantially interfered with the major life activities of "caring for oneself, performing manual tasks, … concentrating [and/or] thinking".

40. Ms. Wilson's physiological and psychological impairments in their active states, without regard to mitigating measures like medical treatments, substantially interfered with the major bodily function of neurological function.

**Fulfillment of conditions precedent to the bringing of this ADA claim**

41. Ms. Wilson has fulfilled all conditions precedent to the bringing of these ADA claims. Her Charge of Discrimination filed with the Equal Employment Opportunity Commission is attached to this Complaint as Exhibit A, and her Notice of Right to Sue on that Charge is attached as Exhibit B.

**Jurisdiction and venue**

42. This Court has jurisdiction under § 107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. § 12117(a)] (incorporating § 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. § 2000e-5(f)(3)]) and under §§ 1331 and 1343 of the Judicial Code [28 U.S.C. §§ 1331 and 1343].

43. Ms. Wilson worked for the defendant in the Northern District of Illinois, and this cause of action arose in that District. Venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

## Count I – ADA Discrimination

44. Ms. Wilson realleges paragraphs 1 through 43 of this Complaint.

45. Defendant, by refusing to accommodate Ms. Wilson's medical condition and/or by firing her, discriminated against Ms. Wilson on the basis of her disability and/or perceived disability and/or record of disability.

46. As a proximate result of this discrimination, Ms. Wilson suffered the damages alleged.

*Wherefore*, plaintiff Vivian E. Wilson prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

b. An Order requiring defendant to post notices concerning its duty to refrain from discriminating against its employees in violation of the Americans with Disabilities Act, as amended;

c. An Order enjoining defendant from discriminating against its employees in violation of the Americans with Disabilities Act, as amended;

d. Back pay, employment benefits, and other compensation lost to her as a result of defendant's discriminating against her in violation of the Americans with Disabilities Act, as amended;

e. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendant's discriminating against her in violation of the Americans with Disabilities Act, as amended;

f. Reinstatement to her job or to a substantially-similar job or pay for a reasonable time into the future in lieu of reinstatement;

g. Compensatory damages for the harm she suffered as a result of defendant's discriminating against her in violation of the Americans with Disabilities Act, as amended;

h. Exemplary damages against defendant Integrated Medical Systems, Inc., and defendant Integrated Medical Systems International, Inc.;

i. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

j. Such other relief as this Court deems just and appropriate.

## Count II – ADA Retaliation

47. Ms. Wilson realleges paragraphs 1 through 43 of this Complaint.

48. Defendant, by refusing to accommodate Ms. Wilson's medical condition and/or by firing her, retaliated against Ms. Wilson on the basis of her having requested reasonable accommodations.

49. As a proximate result of this retaliation, Ms. Wilson suffered the damages alleged. [Note: Compensatory and exemplary damages are currently unavailable in this Circuit for retaliation claims under the ADA, see Kramer v. Banc of America Securities, LLC, 355 F. 3d 961 (7th Cir. 2004), and this paragraph is pled based on a non-frivolous argument for extending, modifying, or reversing existing Circuit law or for establishing new Circuit law and to preserve the issue for appeal.]

***Wherefore***, plaintiff Vivian E. Wilson prays for:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

    b. An Order requiring defendant to post notices concerning its duty to refrain from retaliating against its employees in violation of the Americans with Disabilities Act, as amended;

    c. An Order enjoining defendant from retaliating against its employees in violation of the Americans with Disabilities Act, as amended;

d. Back pay, employment benefits, and other compensation lost to her as a result of defendant's retaliating against her in violation of the Americans with Disabilities Act, as amended;

e. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendant's retaliating against her in violation of the Americans with Disabilities Act, as amended;

f. Reinstatement to her job or to a substantially-similar job or pay for a reasonable time into the future in lieu of reinstatement;

g. Compensatory damages for the harm she suffered as a result of defendant's retaliating against her in violation of the Americans with Disabilities Act, as amended. [Note: Compensatory damages are currently unavailable in this Circuit for retaliation claims under the ADA, see Kramer v. Banc of America Securities, LLC, 355 F. 3d 961 (7th Cir. 2004), and this relief is prayed for based on a non-frivolous argument for extending, modifying, or reversing existing Circuit law or for establishing new Circuit law and to preserve the issue for appeal.];

h. Exemplary damages against defendant Integrated Medical Systems, Inc., and defendant Integrated Medical Systems International, Inc. [Note: Exemplary damages are currently unavailable in this Circuit for retaliation claims under the ADA, see Kramer v. Banc of America Securities, LLC, 355 F. 3d 961 (7th Cir. 2004), and this relief is prayed for based on a non-frivolous argument for extending, modifying, or reversing existing Circuit

law or for establishing new Circuit law and to preserve the issue for appeal.];

    i.    Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

    j.    Such other relief as this Court deems just and appropriate.

> Vivian E. Wilson,
> plaintiff,
>
> By:   /s/David L. Lee
> David L. Lee
> One of her Attorneys

David L. Lee, ARDC #1604422
Jennifer Claire Weiss, ARDC #6291035
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 801
Chicago, IL 60604
312-347-4400
staff@davidleelaw.com